**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1426

JOSEPHAT MUA; FRANCOISE VANDENPLAS,

Plaintiffs - Appellants,

v.

STATE OF MARYLAND; CALIFORNIA CASUALTY INDEMNITY EXCHANGE; MARSDEN & SELEDEE,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:16-cv-01435-ELH)

Submitted:  October 19, 2017                    Decided:  November 9, 2017

Before KING, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Josephat Mua, Francoise Vandenplas, Appellants Pro Se.  William H. Fields, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Alexis Burrell Rohde, Assistant Attorney General, Baltimore, Maryland; Thomas V. McCarron, James Olin Spiker, IV, SEMMES, BOWEN & SEMMES, Baltimore, Maryland; Joel D. Seledee, MARSDEN & SELEDEE, LLC, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josephat Mua and Francoise Vandenplas (Appellants) appeal the district court's orders dismissing their civil claims against the State of Maryland (the State), California Casualty Indemnity Exchange (CCIE), and Marsden & Seledee, LLC (M&S), and denying what the district court appropriately construed as a Fed. R. Civ. P. 59(e) motion. CCIE has filed motions and a supplemental motion for attorneys' fees and for a prefiling injunction against Appellants (motions for sanctions), and Appellants have filed motions to exceed the length limitations for their informal brief and their response to CCIE's motions for sanctions. We grant the motions and affirm the district court's orders.

First, we have reviewed the record and find no reversible error in the district court's findings that the district court lacked jurisdiction over Appellants' claims against the State, and that Appellants' claims against CCIE and M&S were barred by res judicata. We also discern no abuse of discretion in the district court's decision to deny Appellants' self-styled motion for reconsideration. Accordingly, we affirm the district court's orders. *See Mua v. Maryland*, No. 1:16-cv-01435-ELH (D. Md. filed Feb. 15, 2017 & entered Feb. 16, 2017; Apr. 4, 2017).

We agree with CCIE that an order imposing attorneys' fees and a prefiling injunction against Appellants is warranted. Appellants have filed numerous state and federal actions against CCIE and M&S, as well as several appeals in this court, none of which have been successful. Moreover, all of Appellants' cases against CCIE and M&S share the same recurring theme: Appellants continue to try to relitigate CCIE's recovery of the insurance benefits it paid to Appellants. Notably, in *California Cas. Indem. Exch.*

2

*v. Mua*, 671 F. App'x 114 (4th Cir. 2016) (No. 16-1584), we informed Appellants that although sanctions against them were unwarranted at that time, we recognized that the appeal was Appellants' "second unsuccessful appeal of the same matter," and we explicitly warned Appellants "that another appeal may subject them to sanctions." *Id.* at 115 n.\*. Despite this warning, Appellants filed five more appeals (including this appeal) stemming from the same or related litigation. And as is evidenced by Appellants' 222-page opposition to CCIE's motions for sanctions, Appellants were afforded ample time to respond to CCIE's motions.

Based on the foregoing, we affirm the district court's orders, grant Appellants' motions to exceed the length limitations for their informal brief and for their response to CCIE's motions for sanctions, and grant CCIE's motions for sanctions. We order Appellants to reimburse CCIE for attorneys' fees in the amount of $1,522.50. We also enjoin Appellants from filing any civil appeal, petition, or motion in this court unless: (i) the aforementioned attorneys' fees are fully paid to CCIE; and (ii) a district or circuit judge has certified that the appeal, petition, or motion is not frivolous. Any filing that does not meet these requirements will not be placed on the court's docket. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*